UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL GREEN,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                  Case No. 1:09-CV-130

SHIRLEE HARRY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #6). Plaintiff initiated this action on February 13, 2009, alleging that Defendants violated numerous provisions of state and federal law by failing to provide him with a Halal diet. Plaintiff now moves the Court to enter a preliminary injunction ordering Defendants to provide him with a Halal diet. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

The Court notes that service has not yet been effected on Defendants. The Court has no authority to grant the requested relief because Defendants are not properly before the Court and, therefore, have not been provided notice of Plaintiff's motion. *See* Fed. R. Civ. P. 65(a). While the Federal Rules of Civil Procedure do permit litigants to obtain ex parte injunctive relief in certain limited circumstances, Plaintiff has not satisfied the prerequisites for such relief. *See* Fed. R. Civ. P. 65(b). These infirmities notwithstanding, Plaintiff's motion for injunctive relief lacks sufficient merit as discussed below.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has not established that he is likely to prevail in this matter. Defendants have not yet been served in this matter. Thus, the only relevant pleadings presently before the Court are Plaintiff's complaint and an affidavit submitted by Plaintiff in support thereof. Plaintiff's affidavit largely consists of irrelevant assertions and legal conclusions. While Plaintiff's complaint articulates at least one claim upon which relief may be granted, such hardly satisfies the requirement to obtain injunctive relief. Plaintiff has also failed to establish that he will suffer *irreparable* injury if his request for injunctive relief is denied. The Court further concludes that under the circumstances it would be

contrary to the public interest for the Court to grant the requested relief before Defendants have even been afforded an opportunity to respond to Plaintiff's complaint or the present motion.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for Preliminary Injunction, (dkt. #6), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  April 29, 2009                                         /s/ Ellen S. Carmody
                                                                            ELLEN S. CARMODY
                                                                            United States Magistrate Judge