UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VIRGIL GREEN,

       Plaintiff,                        Hon. Janet T. Neff

v.                                          Case No. 1:09-CV-130

SHIRLEE HARRY, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Preliminary Injunction</u>, (dkt. #31), and <u>Plaintiff's Motion for Temporary Restraining Order</u>, (dkt. #37). Plaintiff initiated this action on February 13, 2009, alleging that Defendants violated numerous provisions of state and federal law by failing to provide him with a Halal diet. Plaintiff now moves the Court for an Order requiring Defendants to provide him with a Halal diet. Plaintiff previously moved for injunctive relief in this matter. (Dkt. #6). On April 29, 2009, the undersigned issued a Report and Recommendation that Plaintiff's motion be denied. (Dkt. #11). The Honorable Janet T. Neff subsequently adopted this recommendation. (Dkt. #33). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's current motions both be **denied**.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would

suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has not established that he is likely to prevail in this matter. Plaintiff has also failed to establish that he will suffer *irreparable* injury if his request for injunctive relief is denied. In light of these two conclusions, the Court further finds that the public interest would not be served by having the Court attempt to manage the day-to-day operations of a state correctional facility.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Plaintiff's Motion for Preliminary Injunction</u>, (dkt. #31), and <u>Plaintiff's Motion for Temporary Restraining Order</u>, (dkt. #37), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 31, 2009
 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge