UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL GREEN, #189440,
a/k/a Mu'eem Rashad,

    Plaintiff,

v

SHIRLEE A. HARRY, et al.,

    Defendants.
_____/

Case No. 1:09-cv-130

HON. JANET T. NEFF

## OPINION AND ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983 concerning the adequacy of the prison food service. Defendants filed a motion to dismiss (Dkt 26). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that Defendants' motion be granted in part and denied in part (Dkt 58 at 22). The matter is presently before the Court on both Plaintiff's objections (Dkt 61) and Defendants' objection (Dkt 59) to the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo review of those portions of the Report and Recommendation to which objections have been made. Plaintiff's objections do not reveal any error by the Magistrate Judge in his factual or legal analysis. The Court therefore denies Plaintiff's objections and issues this Opinion and Order. Defendants object solely to clarify the record, and the record shall be so clarified as stated herein.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to properly exhaust his administrative remedies regarding (1) his Halal-diet-request claims, and (2) his food-contamination claims from May–July 2008 (Dkt 61 at 1-3). Plaintiff argues that both claims were properly exhausted because MDOC grievance policy prevented him from filing any additional claims involving the same or similar issues (*id.*).[1] Moreover, Plaintiff argues that Defendants' were provided with fair notice of the food contamination claims through the step-I grievance (*id.* at 3).

Plaintiff's objection lacks merit. The Magistrate Judge correctly concluded that Plaintiff failed to properly exhaust administrative remedies. "[T]he [Prisoner Litigation Reform Act (PLRA)] exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'–rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (internal citations omitted). Therefore, "[c]ompliance with [the] prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 540 U.S. at 218.

In the present case, Plaintiff failed to comply with the prison grievance procedures. Indeed, Plaintiff did not file any other grievance regarding his Halal diet requests after his October 13, 2008

---

[1]Plaintiff points to the MDOC Policy Directive 03.02.130, effective July 9, 2007, § G(1), which provides that a grievance may be rejected if it "raises issues that are duplicative of those raised in another grievance filed by the grievant."

grievance was rejected as untimely. Moreover, Plaintiff failed to file a grievance regarding each alleged food contamination incident from May through July 2008.[2]

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff alleged insufficient facts to sustain First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims for violation of his right to freely practice his religion. With respect to the October 17, 2008 incident, Plaintiff argues his right to freely practice his religion was infringed because the pork meat pan placed next to non-pork items "forced [him] to also come in contact with pork" (Dkt 61 at 4). With regard to whether this alleged "contact" occurred, Plaintiff argues that sufficient evidence is presented by the fact that he experienced illness on several prior occasions (*id.*).

Plaintiff's objection lacks merit. Plaintiff has not "'nudged [his] claims . . . across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Magistrate Judge therefore properly concluded that Plaintiff failed to present facts sufficient to establish that Defendants' behavior infringed upon Plaintiff's First Amendment rights. *See Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). Moreover, the Magistrate Judge also properly concluded that Plaintiff presented insufficient facts that Defendants imposed a "substantial burden" on Plaintiff's religious exercise under RLUIPA. 42 U.S.C. § 2000cc-1(a). Plaintiff failed to allege facts that Defendants imposed "a significantly great restriction or onus upon such exercise" that "directly coerces the religious

---

[2]To the extent that Plaintiff raises new arguments to attack the constitutionality of the prison grievance procedures, which were not previously advanced, Plaintiff has waived these arguments by failing to first present them to the magistrate judge. *See Murr v. United States,* 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

adherent to conform his or her behavior accordingly." *Sanders v. Ryan*, 484 F. Supp. 2d 1028, 1034 (D. Ariz. 2007) (vacated and remanded on other grounds, *Sanders v. Ennis-Bullock*, 316 Fed. Appx 610 (9th Cir. 2009)) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)); *Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005).

Defendants object solely for the purpose of clarifying the record. Defendants argue that the Magistrate Judge's conclusion that Defendants "have failed to sustain their burden as to Plaintiff's RLUIPA and First Amendment Free Exercise claims against Defendants Almy, Harry, Hardy, and Smith" is clearly erroneous insofar as those Defendants conceded exhaustion and therefore had no such burden (Dkt 59 at 3). Defendants' argument has merit. In their brief, Defendants argued that the "only defendants against whom the plaintiff properly exhausted his food contamination claims are based on [grievance] MCF-08-11-0933-09E (Dkt 27 at 9)." In addition, Defendants argued that since the "only staff persons identified in the plaintiff's grievance are Defendants Harry, Almy, Hardy and Smith, the grievance exhausted no claims against Defendants Singleton, Brown or Noble" (*id.* at 8).

For the reasons expressed and because this action was filed *in forma pauperis*, this Court adopts the Magistrate Judge's Report and Recommendation as the opinion of this Court. This Court will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 61) are DENIED and that Defendants' Objection (Dkt 59) is GRANTED.

4

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt 58) is APPROVED and ADOPTED as the Opinion of this Court with the exception that Defendants Almy, Harry, Hardy, and Smith conceded exhaustion and therefore had no burden to sustain on this affirmative defense regarding the alleged October 17, 2008 incident (Dkt 58 at 12).

**IT IS FURTHER ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt 26) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith.


Dated: March 29, 2010              /s/ Janet T. Neff
                                   JANET T. NEFF
                                   UNITED STATES DISTRICT JUDGE